IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 23 2012
J T NOBLIN CLERK
BY_____

| | |
|---|---|
| MARY SCOTT, INDIVIDUALLY, AS EXECUTRIX FOR THE ESTATE OF MATTIE MOORE, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF MATTIE MOORE | |
| | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:12CV358 CWR-FKB |
| MANHATTAN NURSING & REHABILITATION CENTER, LLC; MANHATTAN NURSING & REHABILITATION CENTER; AURORA HEALTHCARE, LLC; AURORA CARES, LLC; ROBERT FORBES, M.D.; CORPORATIONS A-G; JANE DOES A-G; and JOHN DOES A-G | DEFENDANTS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § § 1441 and 1446, Manhattan Nursing and Rehabilitation Center, LLC;[1] Aurora Cares, LLC; and Aurora Healthcare, LLC (collectively, the "Defendants") file this Notice of Removal of the civil action styled *Mary Scott, Individually, as Executrix for the Estate of Mattie Moore, and on Behalf of the Wrongful Death Beneficiaries of Mattie Moore v. Manhattan Nursing & Rehabilitation Center, LLC; Manhattan Nursing & Rehabilitation Center; Aurora Healthcare, LLC; Aurora Cares, LLC; Robert Forbes, M.D.; Corporations A-G; Jane Does A-G; and John Does A-G;* Civil Action No. 11-1011-CIV, from the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Jackson Division. In support of this Notice, the Defendants state the following:

---

[1] The entity "Manhattan Nursing & Rehabilitation Center" does not exist and has not been served with process.

1.      Plaintiff Mary Scott filed this medical negligence action on November 16, 2011. The lawsuit arises out of the care and treatment provided to Mattie Moore while a resident of Manhattan Nursing and Rehabilitation Center, LLC. According to the Complaint, Mattie Moore suffered injuries as a result of the Defendants' negligence.

2.      The Plaintiff served the Defendants with a copy of the Complaint and Summons on November 16, 2011. In the Complaint, the Plaintiff asserts claims of negligence, medical malpractice, deviations from the standard of care, negligent supervision, negligent retention, wrongful death, and gross negligence against the Defendants. The Plaintiff also asserts claims based on respondeat superior and res ipsa loquitur, and she seeks to recover punitive damages from the Defendants. *See* Exhibit "A".[2]

3.      Initially, the Plaintiff also named as a defendant Robert Forbes, M.D. Dr. Forbes is a Mississippi resident. Dr. Forbes was also served with process on November 16, 2011. Because Dr. Forbes is a citizen of Mississippi, his inclusion made this case nonremovable on the initial pleadings.

4.      On May 1, 2012, the Plaintiff filed a Stipulation of Dismissal with Prejudice and thereby voluntarily dismissed Dr. Forbes with prejudice. A copy of the Stipulation of Dismissal with Prejudice is attached as Exhibit "B." The Plaintiff's voluntary dismissal of Dr. Forbes removed the only non-diverse defendant from the action, creating complete diversity and making the action removable. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967) (stating that a case nonremovable on the initial pleadings can become removable pursuant to a voluntary act of the plaintiff).

---

[2] Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants are included in Exhibit "A".

2

5. The Plaintiff's Stipulation of Dismissal, which dismissed Dr. Forbes, created diversity jurisdiction. Furthermore, the Plaintiff's Stipulation of Dismissal constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b) "from which it may first be ascertained that the case is or has become removable."

6. This removal is timely because the Defendants filed this Notice of Removal within thirty days of its May 1, 2012, receipt of the "other paper" described above. *See* 28 U.S.C. § 1446(b)(3) ("[A] notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 209 (5th Cir. 2002) ("[T]he second paragraph [of § 1446(b)] governs notices of removal based on 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'").

7. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between the Plaintiff and the Defendants.

8. It is apparent that the amount in controversy requirement is met because the Notices of Claim served on all of the Defendants pursuant to Mississippi Code Annotated § 15-1-36(15) and attached as Exhibit B to the Complaint state that the Plaintiff seeks to recover $500,000.00 in damages from the Defendants.

9. Diversity of citizenship exists because the Plaintiff is alleged to be a citizen of Mississippi, and none of the Defendants are citizens of Mississippi. Compl. at ¶ 1. As set forth in detail below, Manhattan Nursing and Rehabilitation Center, LLC is a Mississippi limited liability company whose members are all citizens of the State of New York. Therefore, Manhattan is not a citizen of Mississippi. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)

3

(holding that the citizenship of an LLC is that of all its members). Likewise, Defendants Aurora Cares, LLC and Aurora Healthcare, LLC are foreign defendants, as their members are citizens of the state of New York and are not citizens of Mississippi.

10. Manhattan Nursing and Rehabilitation Center, LLC's members are D&N, LLC and DTD HC, LLC. D&N, LLC and DTD HC, LLC are New York limited liability companies. D&N, LLC's members are Norbert A Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust. Mr. Bennett is a citizen of New York. The trustee of the Norbert A. Bennett Children's Trust is Ronald Bennett, a citizen of New York, and the trustee of the Norbert A. Bennett Grand-Children's Trust is also Ronald Bennett. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009) (citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee)).

11. DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Mr. Denz is a resident and citizen of the State of New York. The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a citizen of New York.

12. Aurora Cares, LLC and Aurora Healthcare, LLC are New York limited liability companies with their principal place of business in New York. Aurora Cares, LLC's members are D&N, LLC and DTD HC, LLC, and Aurora Healthcare, LLC's members are also D&N, LLC and DTD HC, LLC, all of whose members are identified in paragraphs 7 and 8 above.

13. The Plaintiff has named Corporations A-G; Jane Does A-G; and John Does A-G. For removal purposes, however, the citizenship of a defendant sued under a fictitious name is not considered. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001) (quoting 28 U.S.C. § 1441(a) which states, "[f]or purposes of removal, . . . the citizenship of defendants sued under fictitious names shall be disregarded.").

4

JM BCM 1097816 v2
2914439-000191 05/21/2012

14. For these reasons, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

15. Venue is proper in the United States District Court for the Southern District of Mississippi, Jackson Division, because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a), 104(a)(3).

16. In accordance with 28 U.S.C. § 1446(d), Hinds County Circuit Court and Plaintiff's counsel have been given written notice of the filing of this Notice of Removal. *See* Exhibit "C."

**WHEREFORE,** the Defendants request that the above-captioned action now pending in Hinds County Circuit Court be removed to the United States District Court for the Southern District of Mississippi, Jackson Division, and that the District Court assume jurisdiction over this lawsuit.

This 23rd day of May, 2012.

    Respectfully submitted,

    MANHATTAN NURSING AND
    REHABILITATION, CENTER, LLC;
    AURORA CARES, LLC; and AURORA
    HEALTHCARE, LLC

    By Their Attorneys,

    BAKER DONELSON BEARMAN
    CALDWELL & BERKOWITZ, PC

    By: _____
           BRAD C. MOODY

W. Davis Frye (MB# 10671)
Brad C. Moody (MB# 101628)
Michael V. Bernier (MB# 103960)
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211
Phone: (601) 351-2400
Fax: (601) 351-2424

5

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed the foregoing *Notice of Removal* via U.S. mail, postage prepaid, to the following:

J. Howard Thigpen
Morgan & Morgan
188 East Capitol Street
One Jackson Place, Suite 777
Jackson, MS   39210

This 23rd day of May, 2012.

                                                              _/s/ Brad M._____
                                                               BRAD C. MOODY

JM BCM 1097816 v2
2914439-000191  05/21/2012