IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

MARY SCOTT, INDIVIDUALLY, AS
EXECUTRIX FOR THE ESTATE OF
MATTIE MOORE, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF MATTIE MOORE
PLAINTIFFS

**FILED**
NOV 16 2011
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

VERSUS                                CIVIL ACTION NO. 11-1011-civ

MANHATTAN NURSING & REHABILITATION
CENTER, LLC; MANHATTAN NURSING &
REHABILITATION CENTER; AURORA
HEALTHCARE, LLC; AURORA CARES, LLC;
ROBERT FORBES, M.D.; CORPORATIONS A-G;
JANE DOES A-G; AND JOHN DOES A-G                          DEFENDANTS

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW, Plaintiff, Mary Scott, individually, as Executrix for the Estate of Mattie Moore, and on behalf of the wrongful death beneficiaries for Mattie Moore (hereafter "Plaintiffs"), by and through their attorneys of record and file their Complaint against Defendants, Manhattan Nursing and Rehabilitation Center, LLC; Manhattan Nursing & Rehabilitation Center; Aurora Healthcare, LLC; Aurora Cares, LLC; Robert Forbes, M.D., Corporations A-G; Jane Does A-G; and John Does A-G. In support of this Complaint, Plaintiff would set forth:

### PARTIES

1.  Plaintiff, MARY SCOTT, at all times material to this lawsuit, was and is an adult resident citizen of the City of Madison, Madison County, Mississippi, and resides at Post Office Box 703, Madison, Mississippi 39110. Plaintiff was appointed Executrix for the Estate of Mattie Moore on October 21, 2010 by order of the Chancery Court of Madison County, Mississippi and granted authority by said court to file this action on her behalf (See Exhibit "A").

EXHIBIT A

2. Patient, MATTIE MOORE, was at all times material to this lawsuit, an adult resident citizen of the City of Ridgeland, Madison County, Mississippi. Mattie Moore was at all times material to this lawsuit *non compus mentis*, i.e., of unsound mind by virtue of her disease processes.

3. MARY SCOTT is the daughter of MATTIE MOORE.

4. Upon information and belief, Defendant, MANHATTAN NURSING & REHABILITATION CENTER, LLC, was and is a for-profit domestic corporation engaged in the operation, management, ownership and/or control of Manhattan Nursing & Rehabilitation Center, LLC, which is located in Hinds County, Mississippi with its principal place of business located at 4540 Manhattan Road, Jackson, Mississippi 39206 and may be served with legal process by serving both the registered agent for service of process, Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201, as well as the Administrator, Bobbie Blackard, who is located at 4540 Manhattan Road, Jackson, Mississippi 39206.

5. Upon information and belief, Defendant, MANHATTAN NURSING & REHABILITATION CENTER, was and is a for-profit domestic corporation engaged in the operation, management, ownership and/or control of Manhattan Nursing & Rehabilitation Center, which is located in Hinds County, Mississippi with its principal place of business located at 4540 Manhattan Road, Jackson, Mississippi 39206 and may be served with legal process by serving both the registered agent for service of process, Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201, as well as the Administrator, Bobbie Blackard, who is located at 4540 Manhattan Road, Jackson, Mississippi 39206.

6. Upon information and belief, Defendant, AURORA HEALTHCARE, LLC was and is a for-profit domestic corporation engaged in the operation, management, ownership and/or control of Manhattan Nursing & Rehabilitation Center located in Hinds County, Mississippi with its principal place of business located at 3690 Southwestern Boulevard, Orchard Park, New York

14127, and may be served with legal process by serving Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201.

7. Upon information and belief, Defendant, AURORA CARES, LLC was and is a for-profit corporation engaged in the operation, management, ownership and/or control of Manhattan Nursing & Rehabilitation Center located in Hinds County, Mississippi with its principal place of business located at 3690 Southwestern Boulevard, Orchard Park, New York 14127, and may be served with legal process by serving Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201.

8. Upon information and belief, Defendant, ROBERT FORBES, M.D., was at all times relevant hereto an adult resident citizen of the City of Jackson, Hinds County, Mississippi, who may be served with legal process at 878 Lakeland Drive, Jackson, Mississippi 39216.

9. That the Defendants, CORPORATIONS A-G, JANE DOES A-G, and JOHN DOES A-G, are ficticious parties as defined in Rule 9(h) of the Mississippi Rules of Civil Procedure, and are unknown to the Plaintiffs at this time. Plaintiffs sue such Defendants by their ficticious names and will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiffs are informed and believe, and based on such information and belief allege, that each of these Defendants so designated is negligent, comparatively negligent, or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently, comparatively negligently, or otherwise unlawfully caused the injuries and damages alleged in this Complaint.

## JURISDICTION AND VENUE

10. This cause of action arises in tort and as a result of injuries, damages, and death proximately caused by the Defendants' negligence in the City of Jackson, Hinds County, Mississippi, which resulted in Mattie Moore's injuries and death. Plaintiff has complied with all statutory

conditions precedent or concurrent with bringing this action. Plaintiff has provided Defendants with legally sufficient pre-suit notice of their intent to institute these proceedings pursuant to Mississippi law. See the attached Letters to Defendants attached hereto as Exhibit "B." Plaintiffs attach as Exhibit "C" to this Complaint the Certificate of Expert Consultation as required by Miss.Code.Ann. §11-1-58.

11.   This Court is a proper venue for litigation of all issues in controversy since this cause of action occurred or accrued in the City of Jackson, Hinds County, Mississippi, and Defendants reside in Hinds County, Mississippi.

12.   This Court has jurisdiction over the parties and the subject matter involved, pursuant to Miss. Code Ann. §9-7-81 (1982), as Plaintiffs are seeking damages in excess of the minimum jurisdictional limits of this Court. Further, this Court has personal jurisdiction over the Defendants. The Defendants, Manhattan Nursing & Rehabilitation Center, LLC, Manhattan Nursing & Rehabilitation Center, and Dr. Robert Forbes, are located in the State of Mississippi, they conduct business in the State of Mississippi, and the location of their business is in Hinds County, Mississippi.

## FACTS

13.   Mattie Moore entered Defendants' facility under the care of Dr. Forbes and the facility's staff on approximately October 27, 2009. She left Defendants' facility and/or care of Dr. Forbes in December of 2009.

14.   Defendants' employees, agents and staff had a long standing understanding of the risk of pressure sores and related injuries to Mattie Moore. Mattie Moore experienced pressure sores, sepsis, infections, falls, pain, lack of hygiene, lack of care, lack of attention, lack of safety and security, lack of supervision, lack of treatment, as well as a complete failure by Defendants to meet

the applicable standard of care while under the supervision, custody and control of employees, agents and staff of Defendants.

15. At all times relevant, Defendants herein were fully aware of Mattie Moore's medical condition and the care she required when they undertook to take care for her special needs. Defendants held themselves out to being (1) skilled in the performance of nursing, rehabilitative care, medical, and other medical support services; (2) properly staffed, supervised and equipped to meet the total needs of its resident, especially Plaintiff; (3) able to meet the total nursing home, medical and physical therapy needs of Plaintiff; and (4) licensed and complying with all rules, regulations, statutes, standards, and laws of the State of Mississippi established for nursing homes, nursing home licensees, nursing home administrators, nurses, and physicians.

16. Costs associated with paying employees are the largest expenses in operating a nursing home. In addition, the nursing staff – including nursing assistants – represents the majority of all staff within a nursing home.

17. State statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, Mississippi Minimum Standards for Nurse Aides, Mississippi Nurse Practices Act and Mississippi Department of Health regulations applicable to nursing home facilities require nursing homes to provide sufficient staffing to meet the needs of residents. Further, they mandate that each resident receive, and that each facility protect and promote the public welfare by providing for the development, establishment and enforcement of certain standards in the maintenance and operation of institutions for the aged or infirm which will ensure safe, sanitary and reasonably adequate care of individuals in such institutions.

18. Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, as well as the Mississippi Department of Health regulations mandate that nursing homes provide a minimum of 2.8 hours of direct hands-on nursing care per patient, per day.

19. Defendants carelessly, reckless, negligently, and systematically failed to provide both adequate and qualified staffing as well as the minimum number of hours of direct hands-on nursing care per patient, per day in its nursing home facility in an effort to lower labor expenses and maximize profits.

20. Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, as well as the Mississippi Department of Health regulations mandate that Defendants care for their residents in a manner and provide an environment that maintains each resident's dignity and respect in full recognition of his or her individuality. Understaffing and unqualified staffing in their nursing home facility deprives residents of their dignity and respect in violation of the law.

21. Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, as well as the Mississippi Department of Health regulations impose numerous requirements on Defendants and their resident care including, but not limited to, requirements regarding the following:

    i. reporting resident injuries of unknown origin to state authorities;

    ii. resident assessment and care planning;

    iii. nutrition;

    iv. diabetes and wound care;

    v. infection control;

    vi. abuse and neglect policies and reporting procedures;

    vii. staffing;

    viii. appropriate drug therapies;

    ix. appropriate mental health services;

    x. provision of basic care needs;

  xi.   incontinence care;

  xii.   resident rights and restraint use;

  xiii.   activities of daily living ("ADL") care;

  xiv.   therapy services;

  xv.   quality of life, including accommodation of needs and activities;

  xvi.   assessment of patient competence to make treatment decisions.

  22. Defendants failed to discharge their obligations of care to Mattie Moore. As a direct and/or proximate result of their failures, acts and/or omissions, Mattie Moore suffered unnecessary, avoidable and accelerated deteriorations of health, pressure sores, uncleanliness, infections, sepsis, disfigurement, pain and suffering, decubitis ulcers, falls, lack of hygiene, lack of care, lack of attention, lack of safety and security, lack of supervision, lack of treatment, as well as other injuries and damages to be shown at trial.

  23. Mattie Moore was not provided adequate and appropriate care.

  24. Mattie Moore was mistreated and neglected as evidenced by her falls on November 22, 2009 and November 24, 2009, as well as the extensive number of inappropriate and avoidable pressure sores from which she suffered during her admission, including Stage IV pressure sores. These pressure sores caused severe pain, suffering, discomfort, mental anguish, and loss of happiness.

  25. Mattie Moore experienced these pressure sores while under the supervision, custody and control of employees, agents and staff of Defendants.

  26. Mattie Moore sustained a specific injury, i.e., death, on January 27, 2010 due to the pressure sores, infections, sepsis, as well as other instances that she experienced under Defendants' lack of care and supervision.

27. The pain and suffering, injuries and death that Mattie Moore experienced as a result of the pressure sores, infections, sepsis, falls, and other instances that she experienced under Defendants' lack of care and supervision provided one of the underlying causes to her death.

28. The quality of care provided to Mattie Moore by Defendants was substandard, pursuant to §§141.01 and 142.02 of Title 15 of the Mississippi Department of Health, Part III – Office of Health Protection, Subpart 01 – Health Facilities Licensure and Certification, Chapter 45 – Minimum Standards for Institutions for the Aged or Infirm.

## DEFENDANTS' ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

29. The averments of paragraphs one through twenty-eight are incorporated herein.

30. Defendants owed a duty to residents such as Mattie Moore of reasonable care, as well as care, treatment, and services within the recognized standards of acceptable professional practice.

31. Defendants owed Mattie Moore a duty to protect and promote the public welfare by providing for the development, establishment and enforcement of certain standards in the maintenance and operation of their medical practice, rehabilitation practice, nursing practice, and/or institution for the aged or infirm, which would have insured safe, sanitary and reasonably adequate care of Mattie Moore in and/or by such institutions.

32. Defendants owed Mattie Moore a duty to adhere to the recognized standards of acceptable professional practice, as provided under Mississippi state statute; MCA §§43-11-1 et seq; MCA §§43-47-1 et seq.; MCA §§73-15-1 et seq.; MCA §41-9-1 et seq.; MCA §73-17-1 et seq.; MCA §73-25-1 et seq.; The Mississippi Department of Health's Minimum Standards for Institutions for the Aged or Infirm; The Mississippi Minimum Standards for Physicians; The Mississippi Department of Health's Minimum Standards for Certified Nurse Aides; and the Mississippi Nurse Practices Act.

33. Defendants deviated from the recognized standard of acceptable professional practice in the following ways:

   a. Failure to provide Mattie Moore with a safe environment;

   b. Failure to properly train, to supervise, and to provide adequately trained staff in sufficient numbers in order to furnish reasonable, safe, efficient, and effective care to Mattie Moore in accordance with the applicable standard of care, as well as state and federal laws and regulations;

   c. Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Mattie Moore from injury and neglect;

   d. Failing to exercise the duty of care owed to Mattie Moore;

   e. Failing to recognize the dangers associated with residents such as Mattie Moore;

   f. Failing to properly supervise and care for Mattie Moore;

   g. Failing to properly budget the facility to provide adequate staffing and supplies;

   h. Failure of corporate and management agents to properly staff, hire, budget, and train the facility's employees to ensure that Mattie Moore was provided the appropriate level of care that she required; and

   i. Failure to adhere to documented assessments, thereby increasing the risk of injury and damage experienced by Mattie Moore;

   j. Failure to promulgate rules, regulations, protocols or procedures so as to cause employees and all persons conducting business within their respective premises to provide care to Mattie Moore within accepted standards;

   k. Failure to promulgate rules, regulations, protocols or procedures so as to care for, control and protect nursing home residents from foreseeable problems with faulty, inconsistent and insufficient documentation;

l.  Failure to provided ordered medical treatment to Mattie Moore, as required under Defendants' own policies and procedures;

m. Failure to adhere to the standard of care required to properly screen potential employees;

n.  Failure to document and monitor Mattie Moore's condition as required by the Defendants' own policies and procedures;

o.  Failure to detect and report changes, including significant changes in Mattie Moore's condition to medical providers and to her family;

p.  Failure to prevent Mattie Moore from acquiring pressure sores;

q.  Failure to treat and/or prevent the worsening of pressure sores during Mattie Moore's admission with Defendants;

r.  Failure to clean Mattie Moore;

s.  Failure to prevent and/or treat sepsis and infection during Mattie Moore's admission with Defendants;

t.  Failure to properly document care and/or the lack thereof to Mattie Moore during her admission with Defendants;

u.  Failure to prevent Mattie Moore from falling on November 22, 2009 and November 24, 2009;

v.  Failure to prevent delays in treatment and inaccurate assessments to Mattie Moore during her admission;

w.  Such other acts or omissions that may be proven through discovery or at trial.

34. At all times relevant hereto, Defendants knew or should have known that they had breached the direct and non-delegable duties owed to Mattie Moore to use reasonable care in maintaining safe and adequate facilities and equipment, to select and retain competent physicians

and/or nurses to oversee all personnel who practice medical services within its premises as to patient care and to formulate and enforce adequate rules and policies to ensure quality care for patients. As a direct and/or proximate result of said negligence, medical malpractice, and deviations from the applicable standard of care, Mattie Moore suffered damages, harm, and death as set forth herein.

35. At all times relevant hereto, Defendants were on constructive and actual notice that Mattie Moore's condition involved a heightened risk, and despite being on notice of her condition, the Defendants did nothing to deter or prevent Mattie Moore from injury, damage, or death from such conditions. As a direct and/or proximate result of said negligence, medical malpractice, and deviations from the applicable standard of care, Mattie Moore suffered damages, harm, and death as set forth herein.

## RESPONDEAT SUPERIOR

36. The averments of paragraphs one through thirty-five are incorporated herein.

37. Defendants are responsible for the acts and omissions, including the negligence, medical malpractice, and deviations from the applicable standard of care of its employees and agents under the theory of respondeat superior.

38. The negligence of Defendants, which breached the applicable standard of care owed to Mattie Moore, directly and/or proximately caused Mattie Moore great harm, damages, and death as set forth herein. Such negligence is imputed to the Defendants.

## RES IPSA LOQUITUR

39. The averments of paragraphs one through thirty-eight are incorporated herein.

40. Beginning on October 27, 2009, and at all times mentioned in this Complaint, the care of Mattie Moore was under the exclusive management and control of Defendants.

41.   Injuries, damages, harm, and death of the nature sustained by Mattie Moore do not ordinarily occur in the absence of negligence on the part of the Defendants, and which injuries, damages, harm, and death are and were unusual and unexpected medical results which ordinarily do not occur in the absence of negligence, medical malpractice, and/or deviations from the applicable standard of care.

42.   As a direct and proximate result of the actions and/or omissions of Defendants, Mattie Moore incurred the injuries, damages, harm, and death outlined herein.

## NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION

43.   The averments of paragraphs one through forty-two are incorporated herein.

44.   Defendants are liable for the actions of unknown nurses, professionals, unprofessionals, Jane Does A-G, John Does A-G, and Corporations A-G, as they are its agents and employees, and Defendants' business is conducted through them. Liability is imputed to Defendants from the actions of its agents and employees.

45.   Defendants repeatedly failed to supervise the other John Doe and Jane Doe Defendants regarding the care provided to Mattie Moore. This failure to properly supervise resulted in breaches of care, which proximately caused Mattie Moore's injuries, damages, and death.

46.   Defendants failed in their retention of the other John Doe and Jane Doe Defendants regarding the care that they were unable to provide to Mattie Moore. This failure to properly retain qualified and trained employees, who are able to meet the requisite standard of care for their patients, resulted in breaches of the applicable standard of care, which proximately caused Mattie Moore's injuries, damages, and death.

## WRONGFUL DEATH

47.   The averments of paragraphs one through forty-six are incorporated herein.

48. Prior to Mattie Moore entering Defendants' business on October 27, 2009, she had a reasonable life expectancy of years remaining. Mattie Moore was a good, faithful, and industrious mother. As well, she gave her children wise counsel and advice and help, and in all reasonable probability would have continued to advise and counsel them to the best of her ability. By reason of the death of Mattie Moore, decedent's beneficiaries have been damaged in an amount in excess of the jurisdictional limits of this Court, as will be proven at trial, including but not limited to those damages outlined herein.

49. By reason of the negligence and/or gross negligence of the Defendants, and the death of Mattie Moore, it was reasonably necessary to provide for the funeral service and the burial of Mattie Moore, which sum was fair, reasonable, customary, and necessary.

## GROSS NEGLIGENCE AND/OR PUNITIVE DAMAGES

50. The averments of paragraphs one through forty-nine are incorporated herein.

51. Defendants' omissions, conduct, breaches, failures and negligence were grossly negligent and/or were in conscious, willful, wanton and reckless disregard of the safety of Mattie Moore, thereby justifying an award of punitive damages against Defendants. The acts of Defendants were deliberate because they were part of a willful, careless, and reckless scheme or course of conduct that made the inhumane treatment and inadequate patient care of Mattie Moore inevitable. Said acts on the part of Defendants evidenced a wanton disregard for the health, safety, dignity and respect of Mattie Moore. Defendants should be held liable for punitive damages as well as attorney's fees pursuant to Miss. Code Ann. §11-1-65 (1972, as amended). Defendants should be assessed with punitive damages in an amount sufficient to punish the Defendants, to deter Defendants from engaging in similar conduct in the future, and to serve as an example.

## INJURIES AND DAMAGES

52. The averments of paragraphs one through fifty-one are incorporated herein.

53. As a direct and proximate result of the negligent acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Mattie Moore was caused to suffer certain harms, losses, injuries, damages, and death, including but not limited to:

    a. Pressure sores;

    b. Physical sickness, diminishment of health and medical expenses;

    c. Uncleanliness;

    d. Mistreatment;

    e. Sepsis;

    f. Falls;

    g. Disfigurement;

    h. Nursing expenses;

    i. Funeral expenses;

    j. Psychological and emotional trauma, distress, worry, anxiety, and mental suffering;

    k. Physical pain and suffering;

    l. Loss of enjoyment of life;

    m. Loss of society and companionship;

    n. Life expectancy of decedent;

    o. Counsel and advice of decedent for the remainder of life expectancy;

    p. Decedent's estate deprived present value of accumulations that she would have made to her estate had she lived out her life expectancy;

    q. Fear;

    r. Infections;

    s. Death; and

    t. Medical or special damages associated with the above pressure sores.

54. As a direct and proximate result of Defendants' negligence, Plaintiff, Mary Scott, individually, as administratrix for the Estate of Mattie Moore, and on behalf of all of the wrongful death beneficiaries of Mattie Moore, is entitled to recover damages for all such injuries caused by Defendants' negligence and/or gross negligence to the fullest extent allowed by Mississippi's Wrongful Death Act and Mississippi law, including but not limited to, the loss of affection, companionship, care assistance, protection, support, advice, guidance and counsel of her mother, the great mental anguish and other injuries experienced as a result of the loss of her mother, or any other damages allowed by Mississippi law that are recoverable by decedent's wrongful death beneficiaries.

## TRIAL BY JURY

55. The averments of paragraphs one through fifty-four are incorporated herein.

56. Plaintiff respectfully requests a jury to try this civil action.

## NON-WAIVER OF TRIAL BY JURY AND REMEDIES

57. The averments of paragraphs one through fifty-six are incorporated herein.

58. Although Plaintiff recognizes that Mississippi law "caps" non-economic damages at $500,000, unless other insurance is available, Plaintiff would allege and aver that they are not waiving their right to provide the Court with memoranda of law at a later time regarding the unconstitutionality of such limitations.

WHEREFORE, PREMISES CONSIDERED, Plaintiff sues Defendants for the following:

(1) Compensatory damages in an amount to be determined by the Court, but in excess of this Court's minimum jurisdictional limits;

(2) Psychological and emotional trauma, distress, worry, anxiety, and mental suffering;

(3) Physical pain and suffering;

(4)  Falls;

(5)  Uncleanliness;

(6)  Sepsis and Infections;

(7)  Mistreatment and Abuse;

(8)  Delays in treatment;

(9)  Inacurrate assessments;

(10) Physical sickness and diminishment of health;

(11) Medical, nursing, and funeral expenses;

(12) Disfigurement;

(13) Death;

(14) Loss of enjoyment of life and loss of society;

(15) Life expectancy of decedent;

(16) Punitive damages;

(17) Present value of accumulations for Decedent's estate that she would have made had she lived out her life expectancy;

(18) An award of post-judgment interest as allowed by law;

(19) An award of costs herein; and

(20) For all such other and further relief, general and specific, legal and equitable, to which Plaintiffs are entitled.

RESPECTFULLY SUBMITTED, this the 15th day of November, 2011.

        MARY SCOTT, INDIVIDUALLY, AS
        EXECUTRIX FOR THE ESTATE OF
        MATTIE MOORE, AND ON BEHALF OF
        THE WRONGFUL DEATH BENEFICIARIES
        OF MATTIE MOORE, Plaintiffs

        _____
        J. HOWARD THIGPEN, ESQ. (99690)

        **MORGAN & MORGAN**
        One Jackson Place, Suite 777
        188 East Capitol Street
        Jackson, Mississippi 39210
        (601)949-3388 – telephone
        (601)949-3399 – facsimile

## ATTORNEY CERTIFICATE OF CONSULTATION

Pursuant to Mississippi Code Annotated Section 11-1-58(1)(a), the undersigned attorney has reviewed the facts of the case and has consulted with at least one (1) expert who is qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence. The undersigned attorney reasonably believes this expert is knowledgeable in the relevant issues involved in this particular action, and has concluded on the basis of such review and consultation that there is a reasonable basis for the continuation outlined in the above-named action.

RESPECTFULLY SUBMITTED, this the 15th day of November, 2011.

J. HOWARD THIGPEN, ESQ. (99690)